UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MEL HIBBETS, ET AL                      CIVIL ACTION

VERSUS                                  NO: 07-5169

LEXINGTON INSURANCE COMPANY             SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is defendant Lexington Insurance Company's ("Lexington") renewed and supplemented **Motion to Dismiss Plaintiffs' Amended Class Action Complaint (Rec. Docs. 20 and 35)** and the plaintiffs' **Motion for Leave to File Second Supplemental and Amending Class Action Complaint (Rec. Doc. 39)**. This motion, which is opposed, was set for hearing on May 27, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the defendant's motions should be granted and the plaintiffs' motion should be denied.

**Background Facts**

This case was filed by the two named plaintiffs as a class action complaint on August 29, 2007. The plaintiffs purported to

represent a putative class of plaintiffs whose properties were damaged in Hurricane Katrina and whose claims for damage were denied in whole or in part, or were misadjusted by Lexington. The plaintiffs also alleged a total loss of their properties as a result of the hurricane.  They made claims for the full value of their policies under Louisiana's Value Policy Law ("VPL"), Louisiana Revised Statute 22:695, and claims for bad faith penalties under Louisiana Revised Statutes 22:658 and 22:1220. In response to the complaint, on December 19, 2007 the defendant filed a motion to dismiss arguing that the plaintiffs' VPL claims fail because the complaint did not allege that the plaintiffs' total loss was caused by a covered peril.  Rec. D. 10.  Also, the defendant argued that the bad faith claims fail because there is no underlying breach of contract and the complaint lacked any factual allegations related to bad faith in adjusting the plaintiffs' claims.  In opposition to the motion to dismiss, the plaintiffs filed a motion for leave to file an amended complaint. Rec. D. 21.  On February 7, 2008 the Court granted the motion for leave and denied the motion to dismiss as moot finding that Federal Rule of Civil Procedure 15(a) permits a party to amend its complaint once as a matter of course as long as the opposing party has not filed responsive pleadings.  Rec. D. 23.  The defendant then filed another motion to dismiss the amended complaint.  Rec. D. 20.  In that motion, the defendant argued

that the plaintiffs' VPL claims must again be dismissed because the amended complaint simply states that the plaintiffs' total loss was caused by a covered peril, but does not state which peril, and continued to allege that the defendant improperly adjusted the claims by denying payment for flood damage despite the fact that the subject insurance policies included a flood exclusion. Also, the defendant argued that the complaint still lacked any factual allegations to support the assertion that plaintiffs' properties were total losses and lacked any factual allegations to support the bad faith claims. Before the Court could rule on the second motion to dismiss the parties jointly moved to administratively close the case because a case was pending at that time before the Louisiana Supreme Court regarding the interpretation of the VPL statute. Rec. D. 25. The Court granted the motion to close the case, permitting either party to move to restore the case to the trial docket at the appropriate time. Rec. D. 26. Subsequently, on March 18, 2009 the plaintiffs moved to reopen the case, which motion was granted. Rec. D. 28 and 29. Additionally, the Court reset for hearing the defendant's second motion to dismiss. Rec. D. 32. Since the motion to dismiss was reset the defendant filed supplemental and reply memoranda and the plaintiff has filed an opposition memorandum. Additionally, in response to the motion to dismiss the plaintiffs have filed a motion for leave to file their second

supplemental and amending complaint.

## The Parties' Arguments

The defendant originally filed its second motion to dismiss prior to the stay of this case. In that motion the defendant argued that the complaint should be dismissed because the plaintiffs had failed to properly allege a claim pursuant to the VPL, failed to state any other claim for breach of the insurance contract other than the VPL, and failed to state a claim for breach of the duties identified in Louisiana Revised Statutes 22:658 and 22:1220. In response to the Court resetting the defendant's second motion to dismiss, the defendant filed a supplemental memorandum providing new arguments in support of the motion. The defendant argues that legal developments since the case was administratively closed preclude the plaintiffs from proceeding with their VPL claims. First, the defendant contends that both the Louisiana Supreme Court and this Court have determined that the VPL statute is only applicable to fire insurance policies, not homeowners' policies, which are the policies at issue in this case. Second, the defendant argues that both state and federal courts have conclusively determined that the flood exclusion clauses contained in these types of homeowners' policies are valid. The amended complaint alleges that the plaintiffs' damage was caused by wind and flood.

The plaintiff filed a brief opposition memorandum which argues that the issues the plaintiff raises about the amended complaint are mooted by the changes the defendant has made in the second amended and supplemental complaint.  As long as the Court permits the plaintiffs to amend the complaint then the defendant's motion to dismiss should be denied as moot.  Also, the plaintiffs argue that they have provided enough factual detail in the amended complaint such that any argument that the claims are generalized is misplaced.

Regarding the motion to dismiss, the defendant filed a reply memorandum to highlight that the plaintiffs' do not dispute the substance of any of the defendant's arguments and that the plaintiffs' entire opposition focuses on the bad faith claims which must be dismissed because the underlying VPL claim is not valid and the plaintiffs have never alleged a breach of the insurance contract.

In connection with their motion for leave to file a second supplemental and amending complaint, the plaintiffs argue that in light of the defendant's motion to dismiss the Court should permit the complaint to be amended to address the issues raised by the defendant and prevent the harsh outcome of a dismissal.

The defendant opposes the motion for leave to file a second supplemental and amending complaint.  The defendant's short opposition identifies the new claims in the second supplemental

and amending complaint as allegations of adjusting errors and bad faith. The defendant argues that this third complaint still does not identify specific factual allegations for the named plaintiffs that support the theory of adjusting errors. Instead, the complaint makes the generalized assertion that the defendant's refusal to pay more for damages was arbitrary and capricious.

## **Discussion**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-pleaded allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

The plaintiffs' current complaint, the first amended complaint, alleges that the plaintiffs have suffered a total loss as a result of wind and flood damage. Rec. D. 24. The plaintiffs' first amended complaint asserts claims pursuant to

6

Louisiana's VPL statute.  These claims cannot be maintained.
Louisiana's VPL statute only applies to fire insurance policies.
See Landry v. Louisiana Citizens Prop. Ins. Co., 983 So. 2d 66,
74-76 n. 10 (La. 2008); In re Katrina Canal Breaches Consol.
Litig., 601 F.Supp.2d 809, 825-26 (E.D. La. 2009).  The policies
at issue in this case are homeowners' policies.  Just as Judge
Duval of this Court recently dismissed VPL claims based on
homeowners' policies, the plaintiffs' VPL claims here must be
dismissed.  See In re Katrina Canal Breaches Consol. Litig., 601
F.Supp.2d at 825-26.  Since the plaintiffs' VPL claims cannot
withstand this motion to dismiss, they do not state a claim for
additional payments under their insurance policies.  Therefore,
the plaintiffs cannot maintain their derivative claims for
penalties pursuant to Louisiana Revised Statutes 22:658 and
22:1220.  Thus, unless the plaintiffs are allowed to amend their
complaint this case must be dismissed.

Under Federal Rule of Civil Procedure 15(a), leave to amend
a pleading should "be freely given when justice so requires."
Fed. R. Civ. Proc. 15(a).  This, and other federal rules "reject
the approach that pleading is a game of skill in which one
misstep by counsel may be decisive to the outcome and accept the
principle that the purpose of pleading is to facilitate a proper
decision on the merits."  Conley v. Gibson, 355 U.S. 41, 48
(1957).  Thus, Rule 15(a) states a liberal amendment policy, and

a motion to amend should not be denied absent a substantial reason to do so. See Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir.1998). "This 'policy' is strongest when the motion challenged is the first motion to amend." Thompson v. New York Life Ins. Co., 644 F.2d 439, 444 (5th Cir.1981). However, leave to amend is by no means automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir.1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. Id. In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir.1981).

This motion for leave to amend represents the plaintiffs' third attempt to plead a class action complaint that will not fall to a motion to dismiss. Although the plaintiffs state in their short memorandum in support that "[t]he amended complaint merely clarifies the claims previously made by the plaintiffs, and offers more specificity," the second amended complaint does far more than just clarify the plaintiffs' claims, yet lacks additional specificity. Knowing that their VPL claims, the entire basis for the original complaint in this matter, would be

8

dismissed, the plaintiffs' second amended complaint is stripped of those claims.  In their place the plaintiffs' class allegations merely state that class members sustained wind damage to their property and the defendant failed to properly adjust their losses.  Rec. D. 33.  The allegations regarding the two individual plaintiffs are void of any details.  The second amended and supplemental complaint alleges with regard to both Mel Hibbets and Break Wind Yacht Club, Inc. that "[d]espite evidence of extreme wind damage . . . Lexington refused to pay" for most of the property damage, losses to contents and personal property, and additional living expenses.  Id.  The proposed complaint further alleges: "Lexington's failure to tender an appropriate amount for . . . building, contents, personal property, and additional living expenses is unreasonable, unsupported by any evidence, and arbitrary and capricious."  Id.  The proposed complaint goes on to state that the defendant has violated Louisiana Revised Statutes 22:658 and 22:1220.  However, the complaint does not state that Lexington has breached its contract of insurance with the named plaintiffs by failing to pay amounts due under the respective policies.  Instead, the proposed complaint focuses solely on Lexington's alleged failure to properly adjust the plaintiffs' claims and the penalties due as a result.  The plaintiffs have merely stripped the complaint of the VPL allegations, which cannot survive the defendant's motion to

9

dismiss, but have not replaced those allegations with any others, such as a breach of contract claim.  Claims for penalties under 22:658 and 22:1220 cannot stand alone and require that there be an underlying viable claim.  See Edwards v. Allstate Prop. and Cas. Co., No. 04-2434, 2005 WL 221558, at *2 (E.D. La. Jan. 27, 2005)(Duval, J.).

In regard to the claims that the plaintiffs do state in their proposed second amended complaint, there are no specific factual details to support the claims.  As the defendant highlights in its opposition to the motion for leave, the plaintiffs have not provided any details about the adjustment of their claims.  The plaintiffs have not indicated when they submitted claims to Lexington, when they were contacted by an adjuster, when their first adjustment was completed, how much they have been paid for their claims, or any other facts to support their allegations.  Instead the proposed amended complaint largely contains general assertions and legal conclusions.  In regards to Mr. Hibbets, the proposed amended complaint simply states that at some point an adjuster visited his home, that Lexington did not pay him enough, and that the failure to pay an appropriate amount was arbitrary and capricious. Rec. D. 33.  The proposed amended complaint goes on to state that the failure to timely pay the amount of any claim that is due was arbitrary, capricious, and without probable

10

cause.  Id.  The allegations regarding the yacht club plaintiff
are identical.  Id.  The proposed amended complaint does nothing
more than state that Lexington had certain responsibilities and
duties, states the elements of those duties, and concludes that
Lexington violated those duties.  However, there are no factual
allegations to explain how the plaintiffs' believe that Lexington
breached those duties.

For the second time the plaintiffs seek to defeat a motion
to dismiss by amending their complaint.  With the knowledge that
their VPL claims cannot stand, the plaintiffs have stripped their
proposed complaint of those claims.  However, they have failed to
replace the VPL claim with another claim for additional payments
under their insurance policies.  Instead, the plaintiffs simply
state that they were owed more money that was not paid and that
this constitutes a failure to properly adjust their claim and
they are entitled to statutory penalties.  Rec. D. 33.  The
plaintiffs include no specific factual allegations to suggest how
the defendant improperly adjusted their claims or breached any
duties owed to the plaintiffs.  As the Supreme Court has
instructed, "a plaintiff's obligation to provide the 'grounds' of
his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do."  Twombly, 127 S.Ct. at 1964-65
(citation omitted).  The plaintiffs' proposed amended complaint

does nothing more than identify the elements of their causes of action and provides no factual allegations to connect the plaintiffs to those causes of action and an entitlement to relief.  Each of the defendant's successive motions to dismiss has raised the issue of the plaintiffs' lack of factual allegations in the complaint.  However, this deficiency has still not been remedied.  Additionally, the proposed amended complaint does not appear to identify any claim for additional insurance payments that would replace the plaintiffs' now defunct VPL claims.  Accordingly,

**IT IS ORDERED** that defendant Lexington Insurance Company's renewed and supplemented **Motion to Dismiss Plaintiffs' Amended Class Action Complaint (Rec. Docs. 20 and 35)** is hereby **GRANTED** and the plaintiffs' claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the plaintiffs' **Motion for Leave to File Second Supplemental and Amending Class Action Complaint (Rec. Doc. 39)** is hereby **DENIED.**

New Orleans, Louisiana, this 12th day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE