UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MEL HIBBETS, ET AL.                    CIVIL ACTION

VERSUS                                 NO: 07-5169

LEXINGTON INSURANCE COMPANY,           SECTION: "J" (5)
ET AL.

**ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion for New Trial** by Mel Hibbets, Break Wind Yacht Club (Rec. D. 50). The Court recently entered an order denying Plaintiffs' request to file a second amended complaint and granting Defendant's Motion to Dismiss. (Rec. D. 49) For the reasons below, Plaintiffs' **Motion for New Trial** (Rec. D. 50). is **DENIED.**

**BACKGROUND**

This case was filed by the two named Plaintiffs as a class action complaint on August 29, 2007. The Plaintiffs purported to represent a putative class whose properties were damaged in Hurricane Katrina and whose claims for damage were denied in whole or part, or were misadjusted by Lexington. The Plaintiffs

also alleged a total loss of their properties as a result of the hurricane. They made claims for the full value of their policies under Louisiana's Value Policy Law ("VPL"), Louisiana Revised Statute 22:695, and claims for bad faith under Louisiana Revised Statutes 22:658 and 22:1220. In response to the complaint, on December 19, 2007 the defendant filed a motion to dismiss arguing that the Plaintiffs' VPL claims fail because the complaint did not allege that the Plaintiffs' total loss was caused by a covered peril. Rec. D. 10. Also, the defendant argues that the bad faith claims fail because there is no underlying breach of contract and the complaint lacked any factual allegations related to bad faith in adjusting the Plaintiffs' claims. As opposition to the motion to dismiss, the Plaintiffs file a motion for leave to file an amended complaint. Rec. D. 21. On February 7, 2008 the Court granted the motion for leave and denied the motion to dismiss as moot finding that Federal Rule of Civil Procedure 15(a) permits a party to amend its complaint once as a matter of course as long as the opposing party has not filed responsive pleadings. Rec. D. 23. The defendant then filed another motion to dismiss the amended complaint. Rec. D. 20. In that motion, the defendant argued that the Plaintiffs' VPL claims must again be dismissed because the amended complaint simply states that the Plaintiffs' total loss was caused by a covered peril, but does

2

not state which peril, and continued to allege that the defendant improperly adjusted the claims by denying payment for flood damage despite the fact that the subject insurance policies included a flood exclusion.  Also, the defendant argued that the complaint still lacked any factual allegations to support the assertion that Plaintiffs' properties were total losses and lacked any factual allegations to support the bad faith claims. Before the Court could rule on the second motion to dismiss the parties jointly moved to administratively close the case because of a case pending before the Louisiana Supreme Court regarding the interpretation of the VPL statute.  Rec. D. 25.  The Court granted the motion to close the case, permitting either party to move to restore the case to the trial docket at the appropriate time.  Rec. D. 26.

Subsequently, on March 18, 2009 the Plaintiffs moved to reopen the case, which motion was granted. ( Rec. D. 28 and 29.) Additionally, the Court reset for hearing the defendant's second motion to dismiss.  (Rec. D. 32.)  Defendant filed supplemental and reply memoranda and the Plaintiffs filed an opposition memorandum.  Additionally, in response to the motion to dismiss the Plaintiffs filed a motion for leave to file their second supplemental and amending complaint.  The Court denied the Motion for leave to file the second  supplemental and amending complaint

3

and granted defendant's Motion to Dismiss. (Rec. D. 49)

**ANALYSIS**

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is filed within 10 days it is considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir. 2003).

> A Rule 59(e) motion 'calls into question the correctness of a judgment.' [The Fifth Circuit Court of Appeals] has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). This Court may properly decline to consider

4

new arguments or new evidence on reconsideration where those arguments were available to the movant prior to the order. *Id.*

**PARTIES ARGUMENT**

Plaintiffs ask the Court to reconsider its grants of the Motion to Dismiss against them. First, Plaintiffs note that they plead "sufficiently detailed allegations to withstand scrutiny under Rule 12(b)(6). Plaintiffs cite cases supporting the position that Motions to Dismiss are generally disfavored and are seldom granted. <u>Collins v. Morgan Stanley Dean Witter,</u> 224 F.3d 496, 498 (5th Cir. Tex. 2000).

Plaintiffs indicate that the 5th Circuit and the United States Supreme Court require that complaints present a plausible claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)

Plaintiffs outlined their claims for the Court. Defendant issued policies to the putative class members and did not offer adequate settlements after class members filed timely claims. These actions, argue Plaintiffs, violate La. R.S. 22:658 and La. R.S. 22:1220 (now La. R.S. 1973 and 1892). Plaintiffs assert that these accusations put defendants on notice that claims of breach of contract and statutory obligation are being brought against them.

Plaintiffs allege more detailed claims with respect to the

5

two named Plaintiffs. In support of this position Plaintiffs identify several extrinsic documents which the Court may consider in making a determination about a Motion to Dismiss. <u>Lovelace v. Software Spectrum, Inc.</u>, 78 F.3d 1015, 1017-18 (5th Cir. 1996). These documents include the Market Conduct Study of Lexington performed by the Louisiana Insurance Commissioner's Office which support Plaintiffs' assertions that Lexington acted in bad faith in its handling of claims post-Katrina.

Defendant on the other hand asserts that the Court did not commit manifest error as to law or fact when it dismissed Plaintiffs' claims. Defendant asserts that Plaintiffs only reiterate previous arguments which the Court has already dismissed. For example, the court has held that Plaintiffs cannot allege claims under La. R.S. 22:658 and La. R.S. 22:1220 because they derive from Plaintiffs' claims under the VPL under which they cannot recover since their claims are for homeowner policies not fire insurance policies.

**DISCUSSION**

The Court entered an order dismissing this case on June 12, 2009 in a twelve page document laying out the reasoning. Plaintiffs submitted the Motion for a New trial on June 26, 2009.

6

The Motion presented by Plaintiffs does not raise any new factual information or arguments which would alter the previously entered order by the Court. In reviewing past Motions there is no new legal argument presented, therefore pursuant to Rule 59 (e) the court will not reconsider its previous positions. Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for New Trial** (Rec. D. 50) is **DENIED.**

New Orleans, Louisiana this the 23rd day of July, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE